IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY LESLIE and TANICA LESLIE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action File No. 1:18-cv-03831-WMR |
| DAIMLER TRUCKS NORTH AMERICA LLC f/k/a FREIGHTLINER LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' SECOND SUPPLEMENTAL INITIAL DISCLOSURES (EXPERT DISCLOSURES)

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE:**

**Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiffs state that the following experts may be called as witnesses at the trial of this matter:**

## RETAINED EXPERT WITNESSES

**1. Kelly Kennett, M.S.**
   **Momentum PMV, Inc.**
   **Alpharetta, Georgia**

Kelly Kennett specializes in the biomechanics of human injury and accident reconstruction, with emphasis on traumatic injuries related to transportation, recreation and industry. His expertise includes injury biomechanics; reconstruction and investigation of incidents involving all types of vehicles; dynamic testing; and modeling, simulation and analysis of dynamic and static events.

(i)    Mr. Kennett is expected to testify in a manner consistent with his October 14, 2019 Report, a copy of which is attached as **Exhibit 1**. In sum, Mr. Kennett is expected to testify about overlap, impact, velocity, momentum, and speeds immediately prior to and during the crash sequence; that the subject collision was a non-conservative impact more similar to a sideswipe; displacement of the front axle; and that the subject collision did not pose a serious risk of impact injury to Mr. Leslie.

(ii)    The facts and data considered by Mr. Kennett are outlined in his Report and Appendices A through D thereto.

(iii)   Appendices A through D to Mr. Kennett's Report are attached thereto.

(iv)    Mr. Kennett's opinions are based on his education, training, and experience in accident reconstruction, occupant kinematic and biomechanics. A copy of his *curriculum vitae*, including his qualifications and a list of all publications authored in the previous 10 years, is attached to **Exhibit 1**.

(v)     A list of all other cases in which Mr. Kennett has testified at trial or by deposition in the previous four years is attached to **Exhibit 1**.

(vi)    Mr. Kennett charges for his services at a rate of $340.00 per hour, as described in his Report.

Plaintiffs reserve the right to supplement Mr. Kennett's opinions based on additional information obtained through discovery and deposition testimony.

Mr. Kennett can be made available for deposition on the following dates:

November 1, 2019;

November 21, 2019; or

December 13, 2019.

**2. Russell F. Dunn, Ph.D., P.E.**
**Polymer & Chemical Technologies, LLC**
**Franklin, Tennessee**

Dr. Russell Dunn is a Professor of the Practice of Chemical and

Biomolecular Engineering at Vanderbilt University. Dr. Dunn teaches courses on

product and process design, and chemical engineering product and process

equipment, which include instruction on the entire design process, risk analysis,

Hazard and Operability Analysis (HAZOP), and Failure Mode and Effects

Analysis (FMEA) with an emphasis on safe design.

(i)     Dr. Dunn is expected to testify in a manner consistent with his October

14, 2019 Report, a copy of which is attached as **Exhibit 2**. In sum, Dr.

Dunn is expected to testify concerning product risk management and

safety analysis including, but not limited to, Hazard and Operability

Analysis (HAZOP) and Failure Mode and Effects Analysis (FMEA) that

should have been performed on the subject Freightliner's fuel tank

system. Dr. Dunn is expected to opine that a risk assessment of the

subject fuel tank system was not performed by Defendant; that drop-

testing of the fuel tank system cannot replace design FMEA risk

assessment; Defendant should have conducted and documented a system

-4-

design FMEA of their fuel tank system; Defendant failed to investigate other incidents of fuel fires in the field similar to the subject incident to consider design and assess design changes for the subject fuel tank system; Defendant has not evaluated alternative fuel tank systems; and that failure of the fuel tank system was foreseeable and avoidable.

(ii)    The facts and data considered by Dr. Dunn are outlined in his Report.

(iii)   The *curriculum vitae* of Brian Babcock, M.S. is attached as Appendix 1 to Dr. Dunn's Report. Dr. Dunn also relies on other incidents of fuel fire in the field, a list of which is in Section 4.0 of his Report, as well as an itemized list of supportive materials in the "Materials Reviewed" section at the end of his Report.

(iv)    Dr. Dunn's opinions are based on his education, training, and experience in chemical and biomolecular engineering, product and process design, and chemical engineering product and process equipment. A copy of his *curriculum vitae*, including his qualifications and a list of all publications authored in the previous 10 years, is attached to **Exhibit 2**.

(v)     A list of all other cases in which Dr. Dunn has testified at trial or by deposition in the previous four years is attached to **Exhibit 2**.

(vi)   Dr. Dunn charges for his services at a rate of $350 per hour.

Plaintiffs reserve the right to supplement Dr. Dunn's opinions based on additional information obtained through discovery and deposition testimony.

Dr. Dunn can be made available for deposition on the following dates:

November 1, 2019;

November 4, 2019; or

November 11, 2019.

### 3. Richard "Smokey" Dyer
### Dyer Fire Consulting
### Liberty, Missouri

Mr. Smokey Dyer specializes in fire and explosion events, including the origin, source of ignition, material first ignited, propagation and other related fire matters. He serves as an expert involving fire department matters, including fire-fighting tactics and strategy, administration, communications and training.

(i)   Mr. Dyer is expected to testify in a manner consistent with his October 14, 2019 Report, a copy of which is attached as **Exhibit 3**. In sum, Mr. Dyer is expected to testify that: (1) the fire originated along the right side of Anthony Leslie's truck/tractor at the area of the right fuel tank; (2) the source of ignition was most probably friction sparks produced by steel-

to-steel contact that was brought about by the collision impact; (3) the material first ignited was diesel fuel vapor that became available when the right fuel tank was breached by the collision impact and atomized diesel fuel was emitted from the right fuel tank; and (4) the propagation of the fire was initiated with a "fireball event," which was due to the ignition of a significant quantity of diesel fuel vapor that was emitting from the atomized diesel fuel that flowed from the breach of the right fuel tank.

(ii) The facts and data considered by Mr. Dyer are outlined in his Report.

(iii) A September 29, 2017 photograph log is attached as Appendix 1 to Mr. Dyer's Report.

(iv) Mr. Dyer's opinions are based on his education, training, and experience in fire and explosion events. A copy of his *curriculum vitae*, including his qualifications and a list of all publications authored in the previous 10 years, is attached to **Exhibit 3**.

(v) A list of all other cases in which Mr. Dyer has testified at trial or by deposition in the previous four years is attached to **Exhibit 3**.

(vi) Mr. Dyer charges for his services at a rate of $300 per hour.

Plaintiffs reserve the right to supplement Mr. Dyer's opinions based on additional information obtained through discovery and deposition testimony.

Mr. Dyer can be made available for deposition on the following dates:

November 1, 2019 (Metro Kansas City);

November 4, 2019 (Metro Kansas City); or

November 6, 2019 (Metro Kansas City or Atlanta).

**4. Brian Herbst, P.E.**
   **Safety Analysis & Forensic Engineering**
   **Goleta, California**

Brian Herbst is an engineer who specializes in designing, performing and analyzing automotive tests evaluating automotive safety devices, structural components and crashworthiness systems. He researches, designs and tests alternative automotive safety systems and authors automotive safety technical publications.

(i)     Mr. Herbst is expected to testify in a manner consistent with his October 14, 2019 Report, a copy of which is attached as **Exhibit 4**. In sum, Mr. Herbst is expected to testify that: (1) the design of the subject Freightliner is defective and unreasonably dangerous due to the susceptibility of the fuel tanks to impact and rupture under

-8-

foreseeable crash conditions; (2) the susceptibility of the fuel tanks to impact and rupture in foreseeable crash conditions was known to Freightliner for decades before the manufacture of the subject vehicle and was manifest in Freightliner's own crash testing during development of the Century Class, a sister model that preceded the Columbia; (3) at the time the subject vehicle was designed and manufactured, improved designs were readily and inexpensively available and would have resulted in a non-defective vehicle, and; (4) had these alternative designs been utilized, the probability of the fuel tank being ruptured during the subject incident would have been reduced. Mr. Herbst is also expected to testify regarding other incidents of fuel fire in the field.

(ii)   The facts and data considered by Mr. Herbst are outlined in his Report.

(iii)  Mr. Herbst's opinions are based on his education, training, and experience as an engineer, researcher, test engineer, and automotive safety engineer involved with numerous studies in the field of accident investigation and automotive safety and crashworthiness. A

copy of his *curriculum vitae*, including his qualifications and a list of all publications authored in the previous 10 years, is attached to **Exhibit 4**.

(iv)   A list of all other cases in which Mr. Herbst has testified at trial or by deposition in the previous four years is attached to **Exhibit 4**.

(v)   Mr. Herbst charges for his services at a rate of $150-200 per hour.

Plaintiffs reserve the right to supplement Mr. Herbst's opinions based on additional information obtained through discovery and deposition testimony.

Mr. Herbst can be made available for deposition on the following dates:

December 10, 2019;

December 12, 2019; and

December 13, 2019.

5. **Shelene Giles, MS, BSN, BA, RN, CRC, CNLCP, CLCP, MSCC, LNCC**
   **FIG Services, Inc.**
   **Hendersonville, North Carolina**

Shelene Giles is a life care planner familiar with evaluating the medical, rehabilitative, and vocational needs of patients who have sustained catastrophic injuries.

(i)    Ms. Giles is expected to testify in a manner consistent with the Life Care Plan, attached hereto as **Exhibit 5**. In sum, Ms. Giles is expected to testify about Anthony Leslie's current and future medical, rehabilitative, and vocational needs as a result of the injuries he sustained in the subject incident.

(ii)    The facts and data considered by Ms. Giles are outlined in the Life Care Plan.

(iii)    Ms. Giles's opinions are based on her education, training, and experience in evaluating the medical, nonmedical, and rehabilitative needs of patients who have suffered catastrophic injuries. A copy of her *curriculum vitae* is attached to **Exhibit 5**.

(iv)    A list of all other cases in which Ms. Giles has testified at trial or by deposition in the previous four years is attached to **Exhibit 5**.

(v)    Ms. Giles charges for her services at a rate of $250 per hour.

Plaintiffs reserve the right to supplement Ms. Giles's opinions based on additional information obtained through discovery and deposition testimony.

Ms. Giles can be made available for deposition on the following dates: December 10, 2019;

December 12, 2019; or

December 17, 2019.

**6. L. Wayne Plumly, Jr., Ph.D.**
   **Valdosta State University**
   **Valdosta, Georgia**

Dr. Wayne Plumly is an economist with expertise in calculating the economic impact of lost income and future medical expenses incurred by injured persons.

    (i)    Dr. Plumly is expected to testify in a manner consistent with his Reports, which are attached hereto as **Exhibit 6** (July 17, 2019 Appraisal of Present Value of Work Life on Anthony Leslie) and **Exhibit 7** (July 17, 2019 Appraisal of Present Value of Medical Expenses on Anthony Leslie). In sum, Dr. Plumly is expected to testify regarding the present cash value of Anthony Leslie's work life and the present cash value of the Life Care Plan prepared by Shelene Giles.

    (ii)    The facts and data considered by Dr. Plumly are outlined in his Reports.

(iii) Dr. Plumly's opinions are based on his education, training, and experience as an economist. A copy of his *curriculum vitae*, including his qualifications and a list of all publications authored in the previous 10 years, is attached to **Exhibits 6 and 7**.

(iv) A list of all other cases in which Dr. Plumly has testified at trial or by deposition in the previous four years is attached to **Exhibits 6 and 7**.

(v) Dr. Plumly charges for his services at a rate of $175 per hour.

Plaintiffs reserve the right to supplement Dr. Plumly's opinions based on additional information obtained through discovery and deposition testimony.

Dr. Plumly can be made available for deposition on the following dates:

November 11, 2019;

December 2, 2019; or

December 16, 2019.

## <u>ANTHONY LESLIE'S TREATING HEALTHCARE PROVIDERS</u>

Plaintiffs anticipate that the following treating physicians may be called to testify at trial. None of these physicians have been retained as experts. Rather, they are simply Anthony Leslie's treating doctors and/or health care providers who, because of their positions as doctors, may be asked to give opinions concerning their treatment of Mr. Leslie. Plaintiffs are not aware that any of these physicians have developed expert opinions in anticipation of trial. Nevertheless, out of an abundance of caution, Plaintiffs hereby give notice that one or more of these physicians could potentially offer opinions of an expert nature during his/her testimony.[1] Plaintiffs have previously provided Defendant with copies of each of these doctors' records.

**7. Robert F. Mullins, M.D.**
   **Joseph M. Still Burn Center**
   **3675 J Dewey Gray Circle, Suite 300**
   **Augusta, Georgia 30909**

---

[1] Treating physicians are not experts subject to Fed. R. Civ. P. 26(a)(2)(B) requirements unless they go beyond the observations and opinions obtained by treating the individual, including diagnosis, prognosis, and specific causation, to express opinions unrelated to treatment. *See Williams v. Mast Biosurgery USA, Inc.*, No. 7:08-cv-114, 2009 WL 4730324 (M.D. Ga. Dec. 2, 2009); *Odum v. Rayonier, Inc.*, No. CV204-190, 2007 WL 2002445 (S.D. Ga. July 5, 2007).

Dr. Fred Mullins is a specialist in burn, wound care, and general surgery. He is a practicing physician on staff at Doctor's Hospital of Augusta and treats burn care patients at the Joseph M. Still Burn Center at Doctor's Hospital. Dr. Mullins was Anthony Leslie's admitting physician on January 31, 2017 and discharged him to inpatient rehabilitation on June 16, 2017. Dr. Mullins has performed numerous surgeries upon Mr. Leslie, including debridement of burns, escharotamies, porcine grafts, cadaver grafts, and amputation of Mr. Leslie's right fingers/right hands. Dr. Mullins has continued to monitor scar follow-up evaluations since Mr. Leslie's discharge from inpatient rehab on July 1, 2017. To the extent Dr. Mullins offers opinions that are not based on his treatment of Mr. Leslie, those opinions will be based on his education, training and experience in burn, wound care, and general surgery.

8. **Morad Askari, M.D., MBA**
   **11760 SW 40 Street, Suite 433**
   **Miami, Fl 33175**

Dr. Morad Askari is a board-certified plastic surgeon and hand surgeon. Dr. Askari is based out of Kendall Regional Medical Center in Miami, Florida, and he is affiliated with and performs surgeries at Doctors Hospital in Augusta, Georgia, where he operated on Anthony Leslie's hands. Dr. Askari has performed multiple

surgeries on Mr. Leslie, including release, skin/flap transfers, left hand web release, tissue and skin transfer, release of fingers to both of his hands. In April 2019, Dr. Askari referred Mr. Leslie for a prosthesis fitting. To the extent Dr. Mullins offers opinions that are not based on his treatment of Mr. Leslie, those opinions will be based on his education, training and experience in plastic surgery and hand surgery.

9. **Shawn P. Fagan, M.D.**
   **Joseph M Still Burn Center**
   **3675 J Dewey Gray Circle, Suite 300**
   **Augusta, Georgia 30909**

Dr. Fagan is a general surgeon whose specialties include plastic and burn surgery, critical care medicine and laser procedures. Dr. Fagan has performed laser surgeries and therapy on Anthony Leslie and has handled follow-up care after laser treatments for Mr. Leslie's burn scars. Dr. Fagan's direct supervision of Mr. Leslie began on or around October 12, 2017 and has continued through the present day. Dr. Fagan is expected to testify that due to Mr. Leslie's full-thickness burn injuries, he has developed hypertrophic, hyperemic, painful and pruritic burn scars to multiple areas including his face, neck, torso, bilateral upper and lower extremities, and that Mr. Leslie suffers limited range of motion due to these scars resulting in

the necessity for continued laser therapy/surgeries. Dr. Fagan continues to perform monthly laser surgeries on Mr. Leslie, as well as follow-up evaluations after each surgery, which include: monitoring compression, monitoring dressing changes and medication management. Dr. Fagan prescribes medications to Mr. Leslie, including a handicap parking permit due to mobile instability. To the extent Dr. Fagan offers opinions that are not based on his treatment of Mr. Leslie, those opinions will be based on his education, training and experience in general surgery, plastic and burn surgery, critical care medicine and laser procedures.

In addition to the foregoing, Plaintiffs identify the other healthcare providers who have provided care and treatment to Mr. Leslie as a result of the injuries he sustained in the subject incident, including but not limited to physicians, physician's assistants, nurses, technologists, and emergency medical personnel. It is expected that these healthcare providers will testify in substantial compliance with their medical records, imaging studies and/or reports, which are made and kept in the ordinary course of their business and practice. It is further anticipated that these healthcare providers will testify based upon their experience and training, the history they obtained from or about Mr. Leslie, their examination and significant findings with respect to Mr. Leslie's injuries, and their diagnosis,

-17-

treatment and prognosis for his injuries. It is expected that these healthcare providers will testify that in their opinion, Mr. Leslie was caused to suffer traumatic injuries to his body by the subject incident. It is further expected that these healthcare providers will testify that Mr. Leslie has undergone extensive medical care and treatment, and that his injuries involve permanent physical restrictions affecting his functioning ability and work ability. It is anticipated that they will reach this conclusion based on Mr. Leslie's history, their own examination(s), diagnosis and treatment of Mr. Leslie, and knowledge of his basic job requirements. It is expected that these healthcare providers will testify that Mr. Leslie will continue to suffer from his injuries in the future and will continue to experience pain and symptoms as a result of his injuries. Finally, it is expected that these healthcare providers will testify that Mr. Leslie will need future medical care and treatment, including but not limited to, treatment and care consistent with the report and opinions of Shelene Giles.

The following is a non-exhaustive list of Mr. Leslie's healthcare providers, which Plaintiffs reserve the right to supplement, as well as identify specific providers by name and role in Mr. Leslie's care:

Acute Surgical Care LLC
3647 J Dewey Gray Circle, Augusta, GA 30909

Ameripath- Quest Diagnostics

Anesthesia Consultants of Augusta LLC
3651 Wheeler Rd, Augusta, GA 30909

Apex Family Healthcare Services Counseling & Psychiatry Services
301 Country Club Drive, Stockbridge, GA 30281

Augusta Oral & Facial Surgery
1222 George C Wilson Drive, Augusta, GA 30909

Augusta Orthopedic Specialists
3650 J Dewey Gray Circle, Augusta, GA 30909

Augusta Orthotics & Prosthetics
2068 Wrightsboro Road, Augusta GA 30904
  • Adam Trefethren

Brown and Radiology Assoc.
1125 Troupe Street, Augusta, GA 30904

Bulloch County EMS
26 W Grady Street, Statesboro, GA 30458
  • Brittany Hood, EMT
  • Ray Hoffman, EMT

Burn Centers of Florida, Inc.

Burn ICU, LLC
3651 Wheeler Rd, Ste 203, Augusta, GA 30909

CSRA Surgical Solutions
3624 J Dewey Gray Cir # 250, Augusta, GA 30909

-19-

**CVS Pharmacy**
2098 Hwy 20 West, McDonough, GA 30253

**Doctors Hospital of Augusta**
3651 Wheeler Road, Augusta, GA 30909
- Kashif Naseem, M.D.
- Krishnan Khera, M.D.
- Sunil Kal, M.D.
- Nadzeem Afzal, M.D.

**East Georgia Radiology**
7 Acee Drive, Natrona Heights, PA 15065

**East Georgia Regional Medical Center**
1499 Fair Rd, Statesboro, GA 30458
- Fernando Perez, M.D.

**Gastroenterology Consultants of Augusta, P.C.**
393 North Belair Road, Evans, Georgia 30809

**Georgia Emergency Associates**
5629 Hwy 21 South, Rincon, GA  31326

**Henry Towne Centre Medical Center (Kaiser Permanente)**
1125 Towne Centre Village Drive, McDonough, GA 30253
- Todd Meadows, M.D.
- Tina Robinson, M.D.

**Horizon Eye Center, Inc.**
1212 Augusta W Pkwy, Augusta, GA 30909

**Joseph M. Still Burn Center @ Doctors Hospital**
3651 Wheeler Rd, Augusta, GA 30909
- Robert Mullins, M.D.

- Bruce Friedman, M.D.
- Dennis Woods, CRNA
- Adam Waller, M.D.
- Amy Sprague, M.D.
- Erin Switzer, D.O.
- Joseph Shaver, M.D.
- Warren Pitts, D.O.
- Allison Buchanan-Enter, M.D.
- Abu Zaheed Hasan, M.D.
- Phyllis Costello, NP-C
- John Keeley, Jr., M.D.
- Bounthavy Homsombath, M.D.
- Dominic Gallo, M.D.
- James Bardoner, M.D.
- Laura Cox, NP
- Shawn Fagan, M.D.
- Morad Askari, M.D.
- Zaheed Hassan, M.D.
- James Collins, M.D.
- Michael Dupree, M.D.

**Pain Management & Rehab**
**Physicians Practice Group**
**1499 Walton Way # 1400, Augusta, GA 30901**

**Maria Rivell, M.D**
**3675 J Dewey Gray Cir, Augusta, GA 30909**

**Joseph M. Shaver M.D.**
**3651 Wheeler Rd, Augusta, GA 30909**

**Surgical Specialists of CSRA**
**3623 J Dewey Gray Cir # 312, Augusta, GA 30909**

**WellStar Rehab Clinic – Griffin, GA**
**300 E Hospital Rd, Augusta, GA 30905**
- Amy Sprague, M.D.

## ADDITIONAL FACT WITNESSES WHO MAY PROVIDE EXPERT OPINION TESTIMONY

Plaintiffs anticipate that additional fact witnesses who may provide expert opinion testimony may be called to testify at trial. This includes, but is not limited to, law enforcement officials, firefighters, supervisors, or other personnel from the following departments that were present at the scene of the incident and/or were involved in writing or reviewing the associated investigative reports:

**Bulloch County Fire Department**
**17245 Hwy 301 North**
**Statesboro, Georgia 30458**

FF Cameron Reese

FF Aidan Perez

FF Cody Hanna

FF David Pollett

FF Dan Bonner

FF Steve Champion

FF Glenn Manley

FF Eric Bonner

LT Chris Applebee

Chief Christopher Ivey

**Georgia State Patrol**
**Georgia Department of Public Safety**
**P.O. Box 1456**
**Atlanta, Georgia 30371**

Trooper Christopher Neil Rodewolt

Corporal R. Rankin

S/TPR J.T. Strickland

None of these individuals have been retained as experts. Rather, they are identified in their respective department's investigative reports in connection with the subject incident. Both the Bulloch County Fire Department Report and the Georgia State Patrol Report have been produced to Defendant.

Plaintiffs anticipate that these law enforcement officials and fire department personnel may provide testimony regarding their observations, actions, findings and conclusions regarding the subject incident, which includes the vehicle collision and the post-collision fire. Trooper Rodewolt has been deposed and is expected to testify at trial in accordance with his deposition testimony.

Plaintiffs are not aware that any of these witnesses have developed expert opinions in anticipation of trial. Nevertheless, out of an abundance of caution, Plaintiffs hereby give notice that one or more of these witnesses could potentially offer opinions of an expert nature during his/her testimony.

## GENERAL RESERVATIONS

Plaintiffs anticipate that some of the healthcare providers, fact witnesses and/or expert witnesses disclosed herein may be called upon to testify at trial by videotape and others may be called upon to testify live at trial.

Plaintiffs reserve the right to supplement the above designations based upon further discovery. Additionally, Plaintiffs reserve the right to use one or more of their experts in rebuttal, or to comment on or critique any opinion of any other expert. Plaintiffs reserve the right to designate additional experts for any reason permissible under the Rules, including but not limited to rebuttal.

This 15th day of October, 2019.

410 E. Broughton Street
Savannah, GA 31401
Phone: (912) 651-9967
Fax: (912) 651-1276
steve@hlmlawfirm.com
sadle@hlmlawfirm.com

HARRIS LOWRY MANTON LLP


STEPHEN G. LOWRY
Georgia Bar No.: 460289
SARAH L. ADLE
Georgia Bar No.: 140966

-24-

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a true and complete copy of the foregoing to be electronically served upon all counsel of record as follows:

Stevan A. Miller, counsel for Defendant: smiller@deflaw.com

Barbara A. Marschalk, counsel for Defendant: bmarschalk@deflaw.com

This 15th day of October, 2019.

HARRIS LOWRY MANTON LLP

410 East Broughton Street
Savannah, Georgia 31401
Telephone: (912) 651-9967
Facsimile: (912) 651-1276
steve@hlmlawfirm.com

STEPHEN G. LOWRY
Georgia Bar No.: 460289
***ATTORNEY FOR PLAINTIFFS***

-25-